**Not for publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 02-2591

UNITED STATES OF AMERICA,

Appellee,

v.

DELCIO ANTONIO PAULINO,

Defendant, Appellant.

APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella and Lipez, <u>Circuit Judges</u>,
and Schwarzer,* <u>Senior District Judge</u>.

<u>Maria Soledad Ramirez Becerra</u> for appellant.
    <u>H.S. Garcia</u>, United States Attorney, <u>Nelson Pérez-Sosa</u> and
<u>Sonia I. Torres-Pabón</u>, Assistant United States Attorneys, for
Appellee.

December 24, 2003

*Of the Northern District of California, sitting by designation.

**PER CURIAM**. Paulino argues that the district court's imposition of a condition of supervised release requiring him to "submit to one drug test within 15 days of release from imprisonment and thereafter as required by the US Probation Officer" constitutes an impermissible delegation of sentencing authority. Paulino is correct. In United States v. Meléndez-Santana, No. 01-2386 & No. 01-2397, we recently vacated a nearly identical condition on delegation grounds, while noting that it would be permissible for the court to establish the range of drug tests to be performed, with probation officers exercising discretion on the exact number of drug tests to be performed within that range. We must VACATE the drug testing condition in the written sentencing order and REMAND to the district court for reconsideration of the drug testing requirement. That reconsideration must be done in a manner consistent with the Defendant's right to be present at sentencing.

SO ORDERED.